**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARINA PARADA;
STANISLAV NAKHODA,

             Petitioners,

   v.

ERIC H. HOLDER Jr., Attorney General,

             Respondent.

No. 06-74608

Agency Nos. A096-057-857
A096-057-858

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010[**]

Before:    BEEZER, TROTT, and BYBEE, Circuit Judges.

      Marina Parada and her former husband Stanislav Nakhoda, both natives

and citizens of Russia, petition for review of the Board of Immigration Appeals'

order dismissing their appeal from an immigration judge's ("IJ") decision denying

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence adverse credibility determinations, *Yeimane-Berhe v. Ashcroft*, 393 F.3d 907, 910 (9th Cir. 2004), and we review de novo claims of due process violations, *Cinapian v. Holder*, 567 F.3d 1067, 1073 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based upon petitioners' submission of fraudulent birth certificates and fraudulent certification of their documentary evidence. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004). Absent credible testimony, petitioners' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because petitioners' CAT claim is based on the same testimony the agency found not credible, and there is no other evidence in the record that compels a finding that it is more likely than not they would be tortured if returned to Russia, we deny the petition as to their CAT claim. *See id*. at 1156-57.

Petitioners contend the IJ violated their due process and statutory rights because they did not have an opportunity to cross-examine the government's forensic examiner regarding a forensic report they contend is unreliable. The

proceedings were not "so fundamentally unfair" that petitioners were "prevented from reasonably presenting [their] case" because petitioners had the opportunity to submit witness testimony and evidence challenging the forensic report, and did not object to the forensic examiner's failure to testify at their last hearing. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (internal quotation omitted); *see also Zahedi v. INS*, 222 F.3d 1157, 1164 n.6 (9th Cir. 2000).

We reject petitioners' contention that the agency did not consider the entire record, because there is no evidence rebutting the presumption that the agency reviewed all the relevant evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED.**